THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **PHILLIP V. MOORE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action |
| : | No. 3:05-cv-31 (CAR) |
| **LARRY M. GABRIEL, and** : | |
| **TERRY TELLEFSON, in their** : | |
| **Individual and Official Capacities,** : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER ON MOTION TO DISMISS

In their present Motion to Dismiss or for Judgment on the Pleadings (Doc. 16), Defendants seek the dismissal of Plaintiff's Complaint alleging claims for violation of his First Amendment right to freedom of speech under 42 U.S.C. § 1983 and for violation of the Georgia "Whistleblower" statute, at O.C.G.A. § 45-1-4.  Upon review of the pleadings, the arguments of counsel, and the relevant legal authorities, the Court finds that the Complaint states a claim for which relief may be granted, and the motion is therefore **DENIED**.

The standards for review of a motion to dismiss or motion for judgment on the pleadings are similar.  On review of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the Complaint in the light most favorable to the Plaintiff and must accept as true all facts alleged in the Complaint.  Day v. Taylor, 400 F.3d 1272, 1275 (11th Cir. 2005).  A case may be dismissed only "where it is demonstrated

1

'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Judgment on the pleadings, under Rule 12(c), "is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsely v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002). Like dismissal, judgment on the pleadings is appropriate only if "upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations" Id.

In his Complaint, Plaintiff alleges that he was employed as the Facility Operations Manager of Advantage Behavioral Health Systems ("ABHS"), a community service board established under State law and located in Clarke County, Georgia. His superiors were Defendant Tellefson, the Executive Director of ABHS, and Defendant Gabriel, the Manager of the Business Office. Plaintiff contends that Defendants terminated his employment on April 8, 2003, in retaliation for a memorandum that Plaintiff wrote to ABHS Human Resources Director Terry Frazier ("the Frazier memorandum"), in which Plaintiff detailed various alleged instances of fraud, waste, and abuse at the agency. Plaintiff sent the Frazier memorandum on February 24, 2003. Plaintiff later made three requests for information about the alleged fraud and waste under Georgia' Open Records Act, on March 6, March 25, and April 1.

The Frazier memorandum alleges various acts of wrongdoing or mismanagement that led to a budget deficit of $1.5 Million. Plaintiff alleges, for example, that Defendant Gabriel

hired two of Frazier's children for positions that were unnecessary or overpaid. In addition, Plaintiff alleges that various clinic locations were highly overstaffed or were found to be unmanned during scheduled open hours. At one location, he observed staff members "lying on sofas and doing such things as reading novels." Among the other allegations in the memorandum are claims that management employees received excessive raises, that employees were allowed to loot property from the ABHS warehouse, and that ABHS leased a building from a state representative at an excessive rent.

With regard to Plaintiff's Section 1983 claims against them in their individual capacities, Defendants argue that they are protected by the doctrine of qualified immunity. Qualified immunity review is a two-step process. See Saucier v. Katz, 533 U.S. 194, 200-01 (2001). First, the Court must inquire whether, under the facts as alleged, there was a violation of a constitutional right. Id. If the alleged facts amount to a violation, the next step is to ask whether the right violated was clearly established under existing law. Id. In this case, the facts alleged in the complaint, taken as true and construed in the light most favorable to the Plaintiff, amount to a violation of First Amendment rights that were clearly established.

In determining whether the allegations in the Complaint state a claim for relief under Section 1983, the Court must consider whether the Frazier memorandum was protected speech. To establish a prima facie case of First Amendment retaliation, a plaintiff must show:

> 1) that the speech can be fairly characterized as relating to a matter of public concern, 2) that [his] interests as a citizen outweigh the interests of the State as an employer, and 3) that the speech played a substantial or motivating role in the government's decision to take an adverse employment action.

Akins v. Fulton County, 420 F.3d 1293, 1303 (11th Cir. 2005)  If the plaintiff makes out a prima facie case, "the defendant is given the opportunity to rebut the presumption of retaliation by proving that it would have made the same decision even if the speech at issue had never taken place." Id.  The first two elements of the prima facie case are most important at the motion to dismiss stage, as they are questions of law to be determined by the Court.  The final two inquiries involve questions of fact as to causation.  It is sufficient on motion to dismiss that Plaintiff has alleged that his discharge was in retaliation for the Frazier memorandum.

To determine whether a government employee's speech relates to a matter of public concern, courts must consider the underlying purpose of the speech.  Speech is protected when an employee speaks "as a citizen upon matters of public concern," but not when he speaks "as an employee upon matters only of personal interest." Connick v. Myers, 461 U.S. 138, 147 (1983).  Speech is public, rather than personal, in nature if it can be "fairly considered as relating to any matter of political, social, or other concern to the community." Id. at 146.  In evaluating the purpose of speech, courts look to the "content, form, and context of the speech to glean its 'main thrust,'" taking into account that "'[a]n employee's speech will rarely be entirely private or entirely public." Akins, 420 F.3d at 1304 (quoting Morgan v. Ford, 6 F.3d 750, 755 (11th Cir. 1993)).

In this case, the allegations made by Plaintiff in the Frazier memorandum plainly relate to matters of public interest. The memorandum alleges that ABHS, a government agency, was operating at a substantial deficit and was failing to fulfill its mission. He details specific incidents of mismanagement, waste, and corruption, including nepotism in hiring, inappropriate contracts with lawmakers, overstaffed and underused facilities, and theft of government property. None of the allegations relate to Plaintiff's personal employment situation, but instead relate to concerns about the proper operation of a government agency. The public has an interest in allowing concerned employees to speak out when there are indications that officials of a public institution are misusing funds or failing to perform their duties.

The content and context of the Frazier memorandum suggest that there is a private dimension to Plaintiff's speech as well, but when the allegations of the Complaint are accepted as true and construed in the light most favorable to the Plaintiff, the Court cannot conclude that the "main thrust" of Plaintiff's speech was of private concern. First, there is the fact that the Frazier memorandum was made in the context of an internal communication to a superior, rather than in a public forum. Courts have repeatedly held, however, that "a public employee's freedom of speech is not sacrificed merely because the employee 'arranges to communicate privately with his employer rather than to spread his views before the public.'" Kurtz v. Vickery, 855 F.2d 723, 727 (11th Cir. 1988). In this case, it may indeed have been more appropriate for Plaintiff to seek a remedy for the situation within the agency

before exposing his concerns to the public. It is undisputed, in fact, that the memorandum led to an investigation by ABHS Corporate Compliance Officer Helen Kabat.

There are hints in the content of the Frazier memorandum that suggest that the memorandum was motivated in part by Plaintiff's desire to protect his own employment, a private concern. Plaintiff begins his memorandum by stating:

> I am writing to follow up on our meeting of 2/13/03. You recall I sent a memorandum to you and Terry Tellefson to advise you I was threatened with termination by Larry Gabriel, Director of the Business Office, if I came forth with information of wrongdoing or mismanagement on the part of ABHS. You advised me that you would discuss the matter with Larry Gabriel and get back with me. I have not heard from you despite several calls to your office.

The memorandum indicates, however, that Plaintiff's concern about his job arose from threats Gabriel made in response to earlier allegations of wrongdoing. As Plaintiff points out, in the context of the Frazier memorandum these alleged threats are "inexorably intertwined" with Plaintiff's speaking out about mismanagement and wrongdoing. Doc. 16, Plaintiff's Response, p. 8. On motion to dismiss, the Court must accept the allegations of the Complaint and conclude that Plaintiff's speech in the Frazier memorandum was primarily addressed to matters of public concern.

Once it has been established that the speech in question related to matters of public concern, the Court must conduct the balancing test prescribed in Pickering v. Board of Education, 391 U.S. 563 (1968). The Pickering test requires a balancing of the employee's (and the public's) interest in free speech against the government's interest, "in promoting the

efficiency of the public services it performs through its employees." Id. at 568.  In balancing these interests, courts consider

> (1) whether the speech at issue impedes the government's ability to perform its duties efficiently, (2) the manner, time, and place of speech, and (3) the context within which the speech was made.

Stanley v. City of Dalton, 219 F.3d 1280, 1289 (11th Cir. 2000)(quoting Bryson v. City of Waycross, 888 F.2d 1562, 1567 (11th Cir. 1989)).

The balance in this case favors Plaintiff.  "A 'core concern' of the First Amendment is the protection of whistleblowers who report government wrongdoing."  Akins, 420 F.3d at 1304.  Plaintiff's interest in this speech is therefore high, while ABHS' interest in preventing such speech is low.  As in Akins, "preventing [Plaintiff's] speech would not seem to aid the government's interest in efficiency, since the speech would bring the alleged wrongful practices to light and lead to more efficient provision of public services."  Id.  Based on the pleadings in this case, there is no indication that Plaintiff's speech in the Frazier memorandum or the following open records requests impeded the government's ability to perform its duties.  Plaintiff expressed his concerns through the chain of command, first to Defendant Gabriel and then to Frazier.  His concerns were validated to some extent by the assignment of Helen Kabat to investigate his complaints.  He did not attempt to instigate other employees, or use his concerns as an opportunity to grandstand, or stir an unnecessary public scandal.  Under both the Connick public concern test and the Pickering balancing test, the facts as alleged in the Complaint establish that Plaintiff's speech was protected speech.

The Complaint also states a claim for relief with regard to the causation elements of the First Amendment prima facie case. Plaintiff alleges that the Defendants' sole motivation for discharging him was retaliation for his speech in the Frazier memorandum and the open records requests. Whether this was the true motivation, or whether another motivation would have led to the discharge in the absence of a retaliatory motive, will be a question of fact to be explored in discovery and determined by a finder of fact. With all elements of the prima facie case met, Plaintiff's Complaint is sufficient to state a claim of First Amendment retaliation under Section 1983.

Where the facts alleged in the Complaint set forth a violation of a constitutional right, the next step in the qualified immunity analysis is to determine whether the law was clearly established at the time, so as to put Defendants on notice that their actions violated Plaintiff's rights. "To demonstrate that the law is clearly established, a party is not required to cite cases with materially similar facts. . . . Rather, the state of the law at the time of the unconstitutional act must be established sufficiently to give 'fair warning' to the official that his conduct is unlawful." Akins, 420 F.3d at 1305 (citing Hope v. Pelzer, 536 U.S. 730, 741 (2002)).

In this instance, there are cases with materially similar facts. Akins relies in part on Walker v. Schwalbe, 112 F.3d 1127 (11th Cir. 1997), to establish that the law was clearly established as to the protected status of the plaintiff's speech. The facts in the present case are more closely comparable to the facts in Walker than are the facts in Akins. In this case, as in Walker, Plaintiff's statements concerned budget irregularities and mismanagement in

the context of a community services board. In both cases, the "main thrust" of the speech was to address concerns about the waste or misuse of public funds by a public agency. Thus Walker should give clear notice to public officials that speech related to concerns about mismanagement and waste of government funds is speech on a matter of public concern.

The only significant distinction between this case and Walker is that the plaintiff in Walker took his concerns to members of the state legislature after his efforts to discuss the matters with his direct superiors failed. In this case, the Defendants allegedly discharged Plaintiff shortly after he brought his concerns to their attention. It is clearly established, however, that the First Amendment's protection for whistleblowers applies when a government employee addresses his concerns privately to his supervisors as well as when he airs them in a public forum. See Kurtz, 855 F.2d at 727. Though on-point precedent is no longer required to avoid qualified immunity after Hope v. Pelzer, Walker and Kurtz together constitute on-point precedent and clearly establish that Plaintiff's speech in the Frazier memorandum and the open records requests was protected speech under the First Amendment, and that they could not retaliate against Plaintiff for making such statements. Accordingly, the Defendants have failed to show that they are protected by qualified immunity at this stage of the proceedings.

As to Plaintiff's Section 1983 claims against Defendants in their official capacity, Plaintiff correctly observes that the "Eleventh Amendment does not insulate official capacity defendants from actions seeking prospective injunctive relief," including claims for reinstatement. Cross v. State of Alabama, 49 F.3d 1490, 1503 (11th Cir. 1995)(quoting

Lassiter v. Alabama A & M University, 3 F.3d 1482, 1485 (11th Cir.1993)). The Complaint explicitly limits official-capacity claims against Defendants to claims for reinstatement, and seeks retrospective relief only from Defendants in their individual capacities.  It therefore states a claim for which relief may be granted.

Likewise, Plaintiff's claims under the Georgia Whistleblower statute (O.C.G.A. § 45-1-4) are limited to claims for reinstatement, consistent with the relief authorized by the statute.  O.C.G.A. § 45-1-4(e) provides an employee a right of action against the State to have any retaliatory employment action set aside.  The right of action provided in the statute is a waiver of the State's sovereign immunity independent of the waiver in the Georgia Tort Claims Act, and Defendants have failed to show that the requirements of the Tort Claims Act have been incorporated into the Whistleblower law.  The Complaint sets forth sufficient allegations of fact to allow the claim for reinstatement under Georgia law to go forward.

In light of the reasons set forth above, Defendants' Motion to Dismiss is hereby **DENIED**, this the 15th day of December, 2005.

                                               S/ C. Ashley Royal
                                               C. ASHLEY ROYAL
                                               United States District Judge

cw